IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ASHLEY GIVENS,                          )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )          CASE NO.: 1:16cv762MHT-SRW
                                        )
AMERICAN HONDA MOTOR                    )
COMPANY, INC., et al.,                  )
                                        )
          Defendants.                   )

## RECOMMENDATION and ORDER

Upon consideration of the parties' joint stipulation of dismissal (Doc. 19), in which

the parties request that the court enter an order dismissing without prejudice several named

defendants, the undersigned Magistrate Judge hereby

**RECOMMENDS** that the following defendants be dismissed without prejudice:

Honda Motor Co., Ltd.; Honda R&D Americas, Inc.; Honda R&D Co., Ltd.; Honda North

America, Inc.; Honda of America Mfg., Inc.; and Honda Engineering North America, Inc.[1]

---

[1] On October 17, 2016, this matter was referred to the undersigned by U.S. District Judge Myron H. Thompson for disposition or recommendation on all pretrial matters. (Doc. 25). See also 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; United States v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990). The dismissal of parties is dispositive and, absent consent, dismissal must be addressed by the undersigned Magistrate Judge by recommendation. See 28 U.S.C. 636(b); Fed. R. Civ. P. 72(b).

Consistent with Federal Rule of Civil Procedure 73(b)(2), the parties are reminded of the availability of the undersigned Magistrate Judge to exercise final dispositive authority over part or all of this case by the universal consent of the parties pursuant to 28 U.S.C. § 636(c). The parties may inform the Clerk of Court of their partial or full consent at any time during these proceedings. In the event of only partial consent, a United States District Judge would remain as the presiding judge. For example, the parties may consent to allow the undersigned to rule on the request for dismissal that forms the basis of this Recommendation and otherwise withhold consent regarding all other aspects of this lawsuit. The parties

Should the presiding District Judge adopt this Recommendation, the only remaining named defendant will be American Honda Motor Co., Inc.

In addition, it is

**ORDERED** that Honda Motor Co., Ltd.; Honda R&D Americas, Inc.; Honda R&D Co., Ltd.; Honda North America, Inc.; Honda of America Mfg., Inc.; and Honda Engineering North America, Inc. are relieved of their obligation to respond to the notice of deficiency entered on October 11, 2016. (Doc. 23). If this Recommendation is not adopted by the District Judge such that any of these defendants remain as parties to this cause, these defendants shall respond to the notice of deficiency within seven days from the date the presiding District Judge enters a ruling on this Recommendation.

Finally, it is

**ORDERED** that the parties may file any objections to this Recommendation on or before **November 3, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

---

are advised "that they are free to withhold consent without adverse substantive consequences." Fed. R. Civ. P. 73(b)(2).

grounds of plain error or manifest injustice.  <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. 1982).  <u>See</u> <u>Stein v. Reynolds Securities, Inc.</u>, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 20th day of October, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge